IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| GENNIE HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21-cv-2241 |
| | ) |
| ACCORDIA LIFE AND ANNUITY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This is a life insurance policy dispute.  Before the Court are two motions:  Defendant Accordia Life and Annuity Company's ("Accordia") Motion to Strike Amended Complaint (D.E. 20.) and Plaintiff Gennie Hill's Motion to Amend/Correct Amended Complaint.  (D.E. 21.)  For the following reasons, Defendant's Motion is DENIED and Plaintiff's Motion is DENIED.

**I.   Background**

In January 2001, Gennie Hill ("Hill") purchased a life insurance policy through Athene Annuity and Life Company ("Athene.")  (D.E. 1-1.)  In May 2014, Accordia purchased the policy from Athene.  (Id.)  On June 15, 2020, Accordia sent a letter to Hill warning her that she was behind on her premium payments and that her policy would lapse unless she paid $967.84

by September 13, 2020. (See id.) Sometime thereafter, the policy lapsed. (D.E. 1.) Hill contends that she has consistently paid the monthly premium. (D.E. 1-1.)

On February 26, 2021, Hill filed suit against Accordia in the Circuit Court for Shelby County, Tennessee. She alleged wrongful repudiation of insurance policy and breach of contract. (D.E. 1.) On April 16, 2021, Accordia removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. (Id.) Removal was proper because Accordia is an Iowa citizen, Hill is a Tennessee citizen, and Hill alleges more than $100,000 in damages. (Id.); see 28 U.S.C. § 1332.

On May 19, 2021, Hill amended her complaint to add Defendants Mose Guy Financial Services and Mose Guy. (D.E. 19.) Mose Guy and Mose Guy Financial Services are Tennessee citizens. (See D.E. 23.) Hill's Amended Complaint also adds a jury demand. (D.E. 19.) Accordia believed that the Amended Complaint violated Rule 15. On May 20, 2021, it asked Hill to file a motion for leave to amend so the parties could brief the issues. (D.E. 20.) On June 2, 2021, Hill had yet to file a motion to amend, and Accordia filed its Motion to Strike the Amended Complaint. (D.E. 20.) Hill moved to amend her complaint on June 15, 2021. (D.E. 21.) The Motion was styled as a motion to amend and a motion to correct. On June 29, 2021, Accordia opposed Hill's Motion. (D.E. 22; D.E. 23.)

## II. Standard of Review

Typically, Rule 15 governs amendments to pleadings. Fed. R. Civ. P. 15. Rule 15(a) provides that "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have discretion to grant leave to amend pleadings. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.").

Although Rule 15 governs pleadings generally, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would defeat federal subject-matter jurisdiction, the court may deny joinder and retain the case, or permit joinder and remand the action to the state court from which it was removed." 28 U.S.C. § 1447(e); see Glover v. Kia Motors Am., Inc., 2018 WL 1976033, at *3 (W.D. Tenn. Apr. 25, 2018) ("If the parties attempt to take any step which would destroy

3

jurisdiction, the parties are subject to the Court's discretion under 28 U.S.C. § 1447(e), and Federal Rule of Civil Procedure 15 does not apply.").

**III. Analysis**

The Court must first consider Accordia's Motion to Strike. If that is denied, the Court must decide whether § 1447(e) counsels against joining two non-diverse defendants and remanding to state court, and whether Hill can obtain a jury trial.

    **A.   The Motion to Strike**

Accordia argues that Hill's Amended Complaint should be stricken pursuant to Rule 12(f) because Hill did not comply with Rule 15. (D.E. 20.) Rule 12(f)(2) provides that the Court, on motion made by a party, may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f)(2).

Motions to strike are disfavored and not frequently granted. Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015); see Mapp v. Bd. of Ed. of the City of Chattanooga, Tenn., 319 F.2d 571, 576 (6th Cir. 1963) ("The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.")

Hill's Amended Complaint is not redundant, immaterial, impertinent, or scandalous. It is related to the controversy.

4

Both parties have briefed the issues raised in Hill's Amended Complaint. Although Hill did not ask leave to amend her complaint, motions to strike are disfavored, and amendments to pleadings should be freely granted. Fed. R. Civ. P. 15(a)(2). Accordia's Motion to Strike is DENIED.

**B.   The Introduction of Non-Diverse Defendants**

Hill's Motion turns on whether she should be allowed to add defendants Mose Guy and Mose Guy Financial Services pursuant to 28 U.S.C. § 1447(e). A district court bases its discretionary determination under § 1447(e) on the following factors: (1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction; (2) whether the plaintiff was dilatory in filing the motion to amend; (3) whether the plaintiff would be significantly injured if the motion to amend were denied; and (4) any other equitable factors. Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc., 654 F. App'x 218, 221 (6th Cir. 2016).

**1.   Purpose of the Proposed Amendment**

The motivation of a plaintiff's amended complaint is often the most important part of the § 1447(e) inquiry. See, e.g., Glover, 2018 WL 1976033, at *4; Watkins v. Hansford, 2017 WL 4158647, at *2 (W.D. Ky. Sept. 19, 2017); Sandlin v. Citibank, N.A., 2016 WL 1305263, at *3 (W.D. Tenn. Mar. 31, 2016). To determine the purpose of an amendment, courts look to the timing

5

of the amendment and the validity of the claims added in the amended complaint. See Glover, 2018 WL 1976033, at *4.

Hill amended her complaint a month after the case had been removed and before discovery had taken place, suggesting she meant to destroy diversity. See Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999) ("where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction"); Glover, 2018 WL 1976033, at *5 (finding amended complaint meant to destroy discovery by adding non-diverse parties one week after removal with no discovery). Hill's Amended Complaint adds no new claims. It merely adds new defendants Mose Guy Financial Services and Mose Guy.  The Amended Complaint alleges only that the two defendants were "authorized to sell the life insurance policy at issue."  (D.E. 19.)

Because Hill amended her complaint shortly after removal and before discovery began, and because she alleges no claims against the two proposed defendants, Hill amended her complaint for the purpose of defeating diversity jurisdiction.

        **2.   Whether Hill was Dilatory in Filing the Amended Complaint**

A plaintiff is dilatory in filing an amended complaint when she shows a lack of diligence. Glover, 2018 WL 1976033, at *8.

6

A plaintiff demonstrates a lack of diligence if she knows about the added parties before filing the original complaint. See id. ("the plaintiff's prior knowledge of the parties and the claims weighs against granting join[d]er"); Cooper v. Thames Healthcare Grp., LLC, 2014 WL 941925 at *5 (E.D. Ky. Mar. 11, 2014) ("the fact that the [plaintiff] had knowledge of the reason for the amendment the entire time does not permit this factor to weigh in favor of joinder"). Hill included Mose Guy in her Rule 26(a)(1)(A) initial disclosures. (D.E. 23-1.) As the purchaser of the policy, she would have known in 2001 that the proposed defendants were "authorized to sell" it. She does not explain the delay in adding the two proposed defendants. Hill's prior knowledge of the two proposed defendants shows that she was dilatory in amending the complaint.

### 3. Whether Hill Would be Significantly Prejudiced if Joinder Were Not Allowed.

Hill would not be significantly prejudiced if joinder were denied because Hill does not bring any claims against the proposed defendants. See Glover, 2018 WL 1976033, at *8 ("given the Court's conclusion that Plaintiff fails to state valid claims against Hutton, the Court determines that dismissing Hutton from the Amended Complaint would not significantly prejudice Plaintiff").

7

### 4. Other Equitable Factors

Among other equitable factors, Courts often consider an out-of-state defendant's substantial interest in proceeding in a federal forum. See, e.g., Glover, 2018 WL 1976033, at *9; Cooper, 2014 WL 941925, at *5; Seaway Painting Co., Inc. v. Burlington Ins. Grp., Inc., 2013 WL 12183414, at *1-2 (E.D. Mich. Oct. 28, 2013); Bridgepointe Condominiums, Inc. v. Integra Bank Nat. Ass'n, 2009 WL 700056, at *4 (W.D. Ky. Mar. 13, 2009). Accordia is an out-of-state defendant that removed to federal court. Its substantial interest in continuing in a federal forum weighs in favor of denying joinder.

Hill argues for joinder because it "would serve justice and promote judicial efficiency." (D.E. 21.) As discussed above, Hill would not be significantly prejudiced by the denial of joinder. Remanding this case to state court would not promote judicial efficiency.

Equity counsels against permitting Hill's Amended Complaint.

All four § 1447(e) factors weigh against Hill. Her Motion to Amend to join the two defendants is DENIED.

### C. Jury Demand

Federal Rule of Civil Procedure 38 governs a party's right to a jury trial. A party waives a jury trial unless its demand is properly served and filed. Fed. R. Civ. P. 38(d). The demand

8

for a jury trial must be filed "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). "While the filling of an amended complaint may, in some cases, retrigger and revive the Rule 38(b) time period, 'the fact that an amended complaint was later filed is of no consequence when no new issues or facts are introduced.'" Barron v. Bankers Life and Cas. Co., 288 F.R.D. 187, 190 (W.D. Tenn. 2012) (quoting Irvin v. Airco Carbide, 837 F.2d 724, 727 (6th Cir.1987)).

Hill did not demand a jury trial in her original complaint. She did not amend within 14 days of Accordia's Answer. There are no new facts or issues in Hill's Amended Complaint. She seeks to amend to add two defendants. Hill argues that a jury demand was discussed during the scheduling conference. (D.E. 21.) Discussing a jury trial during a scheduling conference is not a proper jury demand under Rule 38.

Hill's Demand for Jury Trial is DENIED. Hill may request a jury trial by filing a Rule 39(b) motion. See Fed. R. Civ. P. 39(b).

**IV. Conclusion**

For the foregoing reasons, Accordia's Motion to Strike is DENIED. Hill's Motion to Amend to add defendants Mose Guy Financial Services and Mose Guy, and to obtain a jury trial is DENIED.

So ordered this 19th day of November, 2021.

                                   */s/ Samuel H. Mays, Jr.*
                                   SAMUEL H. MAYS, JR.
                                   UNITED STATES DISTRICT JUDGE